**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MALCOLM DANIELS, ) | CASE NO. 1:12CV001 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| TERRY TIBBALS, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Malcolm Daniels' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On February 17, 2009, a Cuyahoga County, Ohio grand jury indicted Petitioner on two Aggravated Murder charges with two Firearm Specifications each, two Aggravated Robbery charges with two Firearm Specifications each, and one count of Carrying a Concealed Weapon. The case proceeded to trial. On May 26, 2009, the jury found Petitioner guilty of all indicted charges and Firearm Specifications. On June 4, 2009, the trial court sentenced Petitioner to an aggregate prison term of 28 years to life.

On June 29, 2009, Petitioner timely filed a Notice of Appeal to Ohio's Eighth District Court of Appeals. On August 19, 2010, the Court of Appeals affirmed the judgment of the trial court. On September 16, 2010, Petitioner timely filed a Notice of Appeal in the Ohio Supreme Court. On December 29, 2010, the Ohio Supreme Court denied Petitioner's leave to appeal and dismissed the Appeal as not having any substantial constitutional question.

Petitioner filed the instant Petition on January 3, 2012, asserting the following grounds for relief:

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN FAILING TO OBJECT TO TESTIMONY REGARDING AS ALLEGED CONFESSION STATEMENT MADE BY PETITIONER AT TRIAL.

Supporting Facts: Trial counsel never filed a motion to the trial court to suppress an alleged confession statement nor did he object to the testimony at trial of the alleged confession.

**GROUND TWO:** PETITIONER IS DENIED HIS CONSTITUTIONAL RIGHT TO HAVE HIS GUILT PROVEN BEYOND A REASONABLE DOUBT AND HIS RIGHT TO A FAIR TRIAL WHEN THE JURY VERDICTS ARE UNSUPPORTED BY SUFFICIENT EVIDENCE.

Supporting Facts: The states case-in-chief rested on a witness who initially failed to call 911, did not report the shooting until the next day after the victims family forced [him] to, lied about being with the victim, lied about the drug deal, and then recanted [his] earlier statement [he] made to the police.

**GROUND THREE:** THE TRIAL COURT COMMITTED PLAIN ERROR IN ITS INCORRECT, INCOMPLETE AND INSUFFICIENT JURY INSTRUCTIONS.

Supporting Facts: The [P]etitioner's statement made to the police, that a police officer testified to was made to him by the [P]etitioner supported a jury instruction of a lesser included offense or at a minimum a self defense instruction.

On March 1, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on May 15, 2013. On June 3, 2013, Petitioner sent a letter to the Magistrate Judge in which he states that he objects to the Report and Recommendation. The Court will consider the letter as Petitioner's Objections.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary.

3

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

In Ground One, Petitioner asserts that trial counsel was ineffective for failing to file a Motion to Suppress or object to testimony regarding his confession at trial. Petitioner did not raise this claim in his direct appeal. Before seeking a federal writ of habeas corpus, a petitioner must exhaust available state remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

The Magistrate Judge points out that if a petitioner fails to present a claim to the state courts and no state remedy remains available, he has procedurally defaulted that claim. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The Sixth Circuit applies a four-part test to determine whether a petitioner's grounds for relief are procedurally defaulted:

1) whether the petitioner failed to comply with an applicable state procedural rule;

2) whether the state courts actually enforced the state procedural sanction;

3) whether the procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review;

4

  4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6 th Cir. 1986) (internal citations omitted)).

  Petitioner tried to raise an ineffective assistance of trial counsel claim in the Ohio Supreme Court, but since the claim was not raised in the Court of Appeals, it was barred by res judicata. Therefore, the Court finds that Petitioner has failed to show cause and prejudice for his default, or that failure to consider the claim will result in a fundamental miscarriage of justice. Ground One is denied as procedurally defaulted.

  In Ground Two, Petitioner asserts that the jury verdicts were unsupported by sufficient evidence. The Magistrate Judge determined that this claim is also procedurally barred because he did not present it on direct appeal to the Court of Appeals. In his direct appeal, Petitioner argued that his convictions were against the manifest weight of the evidence, which is separate and distinct from an evidence sufficiency claim.

  After the Court of Appeals affirmed Petitioner's convictions and sentences, he then raised an evidence sufficiency claim to the Ohio Supreme Court. Since Petitioner did not raise this claim in his direct appeal, the Ohio Supreme Court's denial of his appeal is presumed to be dismissed due to Petitioner's failure to present the claim to the Eighth District Court of Appeals. Where a state court is silent as to its reason for denying a claim, the Sixth Circuit applies a presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (declining to interpret the state

5

appellate court's silence as a decision on the merits of the petitioner's due process claim and instead assuming the court was enforcing the procedural bar) *Id.* at 203 n.1.

The Court finds that Petitioner has failed to show cause and prejudice for his default, or that failure to consider the claim will result in a fundamental miscarriage of justice. Therefore, Ground Two is denied as procedurally barred.

In Ground Three, Petitioner asserts that the trial court erred by not providing the jury instructions for a lesser included offense, or a self-defense instruction. The Magistrate Judge correctly determined that Petitioner did not fairly present his claim as a federal constitutional right violation. Instead, Petitioner relied solely on state law authority and interpretations. If a state defendant fails to fairly present a federal constitutional claim to the state courts, he waives the claim for the purpose of federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). Therefore, the Court finds that Petitioner has failed to raise a constitutional violation in state court and Ground Three is dismissed.

On June 3, 2013, Petitioner sent a letter to the Magistrate Judge which included a one-line objection to the Report and Recommendation. Under Federal Rule 72(b) and 28 U.S.C. § 636, the district court is required to review de novo any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950(6th Cir. 1981). In *Thomas v. Arn,* 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

6

"A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, supra at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)). Petitioner does not provide the Court with any areas of disagreement.

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Petitioner's submission simply recites his objection; but is the equivalent of an utter failure to object.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:6/5/2013

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge